No. 13,834.

BARTLEY v. THE STATE.

CRIMINAL LAW.— *Bill of Exceptions.* — *Agreement by Prosecuting Attorney Extending Time of Filing.*—An agreement by the prosecuting attorney extending the time for filing a bill of exceptions beyond the statutory limit of sixty days allowed by the court (section 1847, R. S. 1881), is without authority, and a bill thereafter filed is not properly in the record, and presents no question.

From the Noble Circuit Court.

*L. W. Welker*, for appellant.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for the State.

NIBLACK, J.—Bartley, the appellant, was, at the March term, 1886, of the Noble Circuit Court, indicted for selling intoxicating liquor to one Albert Miller, a person under the age of twenty-one years.

At the succeeding December term, a jury found the appellant to be guilty as charged, and he was adjudged to pay a fine of twenty dollars and the costs of the prosecution.

It is complained only that the verdict was not sustained by sufficient evidence, and that the court erred in its instructions to the jury.

On the twenty-first judicial day of said December term, which was the 29th day of December, 1886, and the day on which judgment was rendered on the verdict, sixty days time was given to the appellant within which to prepare, and

have signed, and to file his bill of exceptions containing the evidence, as well as the instructions given at the trial.

On the 23d day of February, 1887, the prosecuting attorney of the proper judicial circuit consented in writing that the time for preparing, signing and filing a bill of exceptions in the cause should be extended until the 15th day of April, 1887, and agreed to waive all irregularities which might result from such extension of time.

The bill of exceptions which we find copied into the record, and which purports to contain all the evidence and all the instructions given in the cause, is certified to us as having been filed on the 12th day of April, 1887. The attorney general makes the point that the prosecuting attorney had no power to extend the time for the filing of the bill of exceptions; that, consequently, his agreement to extend the time, as stated, was ineffectual to extend it, and that, for that reason, the bill of exceptions was not filed within the time limited by law, and has hence not been properly made a part of the record.

Section 1847, R. S. 1881, which constitutes a part of our present criminal code, is as follows: "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered; and they must be signed by the judge and filed by the clerk."

The power of the court, therefore, to extend the time within which a bill of exceptions may be filed, after the close of the term, is, in a criminal cause, limited to sixty days after the judgment is rendered. A prosecuting attorney may, when further appearing in a criminal cause, withhold any objection to a bill of exceptions on account of its not having been filed in time, but he has no power to fix the time in the first instance, or to extend the time after it has been fixed by the court, and, consequently, can not enter into any agreement concerning such extension of time which

would be binding upon any other person or tribunal. If he has the power to extend the time beyond the statutory limit of sixty days, he has, in that respect, an authority greater than is conferred upon the court, and no such claim of authority on his part either has been, or will be, asserted. The rule to be observed in making out and filing bills of exceptions in criminal causes, is less elastic, and has been, and still is not so liberal as that prescribed in civil cases. Buskirk Pr., 147, 420; R. S. 1881, section 629.

It follows that the bill of exceptions in this case was not filed in time, and that, in consequence, no question is presented in this court either upon the evidence or the instructions.

The judgment is affirmed, with costs.

Filed June 23, 1887.