No. 17,119.

## CORNELL v. HALLETT ET AL.

BILL OF EXCEPTIONS.—*Time of Filing.*—*When not in Record.*—A bill of exceptions filed after the time allowed by the court, where the record does not show that the presentation to the judge was within the time allowed, is not in the record.

SAME.—*Date of Presentation.*—*Where Made.*—The statute requires that the date of presentation shall be stated in the bill of exceptions, not in the margin or on the back of the bill.

From the Porter Circuit Court.

*W. Johnston, N. L. Agnew, D. E. Kelly* and *A. D. Bartholomew,* for appellant.

*A. L. Jones,* for appellees.

McCABE, C. J.—The appellant sued the appellees to set aside the will of Amanda Freeman. The issues formed upon the complaint were tried by a jury, resulting in a general verdict and judgment for the defendants over the plaintiff's (appellant's) motion for a new trial. Error is assigned on the action of the circuit court in overruling appellant's motion for a new trial. The only rulings complained of in the motion for a new trial that are presented by the brief of appellant's counsel are those relating to the admission and exclusion of evidence. These rulings can only be presented to this court by being preserved in a proper bill of exceptions. On overruling the motion for a new trial on the 26th day of July, 1893, sixty days' time was allowed the appellant in which to file her bill of exceptions. Her bill of exceptions was filed on the 28th day of September following, four days after the expiration of the sixty days allowed. The bill concludes as follows: "And the plaintiff now here presents this, her bill of exceptions, and prays that the same may be signed, sealed and made a

part of the record in the above entitled cause, which is accordingly done this 28th day of September, 1893.

"ULRIC Z. WILEY,

"Judge *pro tem.* Porter Circuit Court."

On the margin of the paper on which the bill is type-written, being on the margin of the longhand manu-script outside of the manuscript and outside of the bill, is the following indorsement, written with a pen and signed in the handwriting of the judge:

"This bill of exceptions presented to me for examination and signature this 21st day of September, 1893.

"ULRIC Z. WILEY,

"Special Judge Porter Circuit Court."

Had this date of presentation been stated in the bill of exceptions, it would have brought the bill within the provisions of the statute and it would have become a part of the record, though actually filed in the clerk's office after the expiration of the sixty days. The statement of presentation was in time, being within the sixty days allowed. But the statute expressly requires that the date of presentation shall be stated in the bill of exceptions, not in the margin or on the back of the bill, as has often been held by this court. It is not because the statement of the date of presentation is on the margin of the bill that it is not regarded as a part of the bill, but it is because the judge in signing such statement separate and apart from the bill shows that he did not regard it as a part of the bill, else he would not have deemed it necessary to sign anything more than the bill, and that would have authenticated such statement.

It has also been held that where, as in this case, the date of presentation is not stated in the bill of exceptions, we must consider the date of the signature of the judge to the bill as the date of its presentation to such judge; and, so considering, the bill was not presented

and signed by the judge until after the expiration of the time allowed by the court for the presentation and filing thereof.

It follows, therefore, that what purports to be a bill of exceptions in the transcript is not properly a part of the record before us and can not be considered here in the decision of the cause. *Wood* v. *Ohio Falls Car Co.,* 136 Ind. 598; *Rigler* v. *Rigler,* 120 Ind. 431; *Orton* v. *Tilden,* 110 Ind. 131 (139); *Buchart* v. *Burger,* 115 Ind. 123; *Shewalter* v. *Bergman,* 123 Ind. 155; *City of Plymouth* v. *Fields,* 125 Ind. 323; *White* v. *Gregory,* 126 Ind. 95.

Therefore, the question as to the propriety of the rulings of the trial court in the admission and rejection of evidence sought to be reviewed here, is not presented by the record before us.

The judgment is therefore affirmed.

Filed April 3, 1895.