Ayres *v.* Armstrong *et al.*

No. 17,538.

AYRES *v.* ARMSTRONG ET AL.

| | |
|---|---|
| 142 | 263 |
| 142 | 679 |
| 143 | 144 |
| 143 | 210 |
| 143 | 579 |
| 142 | 263 |
| 144 | 192 |
| 145 | 217 |
| 146 | 234 |
| 142 | 263 |
| 149 | 559 |
| 149 | 593 |
| 151 | 331 |
| 152 | 491 |
| 142 | 263 |
| 153 | 549 |
| 142 | 263 |
| 156 | 104 |
| 156 | 376 |
| 156 | 479 |
| 142 | 263 |
| f161 | 371 |
| 161 | 392 |
| 142 | 263 |
| f168 | 50 |

BILL OF EXCEPTIONS.—*Signed by Judge after Time Fixed for Filing.* —*Indorsement.*—A bill of exceptions signed by the judge after the expiration of the time fixed for filing it cannot be considered, although there is an indorsement thereon by the judge that it was presented on a specified day within the time fixed.

SAME.—*Time of Filing.*—The bill, to become a part of the record, must be filed after it has been signed by the judge and not before.

From the Huntington Circuit Court.

*T. L. Lucas*, for appellant.

*J. Q. Cline* and *C. W. Watkins*, for appellees.

MONKS, J.—This was an appeal from a survey of real estate. The cause was tried, the court found against appellant and, over a motion for a new trial, rendered judgment on the finding.

The only error assigned is that the court erred in overruling the appellant's motion for a new trial.

The correctness of the court's ruling on the motion for a new trial depends entirely upon the evidence. The motion for a new trial was overruled June 26, 1893, and ninety days given in which to file a bill of exceptions. A bill of exceptions, purporting to contain all the evidence given in the cause, was signed by the judge on the 24th of October, 1893, long after the expiration of the ninety days given. There is an indorsement on the bill of exceptions, signed by the judge, stating that the same was presented to him September 16, 1893; this, however, is no part of the record. *Cornell* v. *Hallett*, 140 Ind. 634, and cases cited. The statute expressly requires that the date of presentation be stated in the bill of exceptions, not on its back or margin. It

has been uniformly held that when the date of presentation is not stated in the bill of exceptions, we must consider the date when the bill was signed as the date of its presentation. *Cornell* v. *Hallett, supra,* and cases cited. A bill of exceptions, even if presented and signed within the time given, is no part of the record until it is filed. Elliott App. Proced., section 805, and cases cited. Such filing must be after the bill is signed by the judge. *Guirl* v. *Gillett,* 124 Ind. 501. The record does not show that the bill of exceptions was filed.

It is true that it is stated in the record that the bill of exceptions was filed September 28, 1893, but not being at that time signed by the judge, it was not a bill of exceptions, and did not thereby become a part of the record. *Guirl* v. *Gillett, supra.*

It is clear, for the reason stated, that what purports to be a bill of exceptions, is not part of the record. No question is therefore presented as to the action of the court in overruling the motion for a new trial.

Judgment affirmed.