No. 2,094.

## HOUSTON v. THE STATE.

APPELLATE PROCEDURE.—*Assignment of Error.*—An assignment of error is waived by the failure of counsel for appellant to discuss the same in this court.

SAME.—*Bill of Exceptions.*—*Statute Construed.*—*Criminal Law.*— Under section 1916, R. S. 1894, a bill of exceptions filed later than sixty days after the rendition, is not in the record, and where an order of court allows longer than sixty days in which to file bills of exception, such order is void as to the time in excess of sixty days.

From the Monroe Circuit Court.

*A. M. Cunning,* for appellant.

*W. A. Ketcham,* Attorney-General, for State.

DAVIS, C. J.—The errors assigned in this court are:

1. The court erred in overruling appellant's motion to quash the affidavit.

2. The court erred in overruling appellant's motion to quash the information.

3. The court erred in overruling appellant's motion for a new trial.

The first two assignments are waived entirely by failure of counsel for appellant to discuss the same in his brief.

The only questions discussed under the third assignment are such as depend upon the evidence and the instructions.

The attorney-general insists that the questions discussed are not presented by the record.

The transcript of the record shows that the motion for a new trial was overruled on the 16th day of January, 1896, and that on the same day judgment was

rendered, and ninety days' time was given in which to file bills of exceptions.

On the 4th day of April, 1896, or seventy-nine days after the rendition of judgment, bills of exception, containing the evidence and the instructions, were signed by the judge of the court and filed in the office of the clerk. Section 1916, R. S. 1894, provides that "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days 'from the time judgment is rendered; and they must be signed by the judge and filed by the clerk."

Under this statute, it has been held by the Supreme Court that a bill of exceptions filed later than sixty days after the rendition of judgment, is not in the record. And where an order of court allows longer than sixty days in which to file bills of exception, such order is void as to the time in excess of sixty days. *Marshall* v. *State*, 123 Ind. 128; *Bartley* v. *State*, 111 Ind. 358; *State* v. *Hunt*, 137 Ind. 537.

Judgment affirmed.

Filed June 9, 1896.