## HOCH *v.* THE STATE.

[No. 2,787.   Filed April 26, 1898.]

CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—Under the provisions of section 1916, Burns' R. S. 1894, the bill of exceptions in a crim-inal cause must be made out and presented to the judge and filed within sixty days from the rendition of the judgment, and if not filed within such time it [is not a part of the record on appeal, although ninety days' time was given by the trial court for the preparation thereof. *p. 65, 66.*

SAME.—*Obstructing Highway.*—*Punishment.*—A fine of twenty-five dollars for obstructing a public highway is not excessive. *p. 66.*

From the Pulaski Circuit Court.   *Affirmed.*

*Warren W. Borders* and *Burlingame Borders,* for appellant.

*W. A. Ketcham,* Attorney-General, and *Merrill Moores,* for State.

COMSTOCK, J.—This is a criminal prosecution for the obstruction of a public highway.   Upon trial appellant was found guilty, and fined twenty-five dollars. The only error assigned in this appeal is the action of the lower court in overruling his motion for a new trial.   Three reasons are specified in said motion: (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) the fine is excessive.

The only questions discussed in appellant's brief depend upon the evidence.   The Attorney-General, for the State, contends that there is no evidence before this court, and therefore the questions raised cannot be considered.

An examination of the record discloses that on the 6th day of October, 1897, appellant's motion for a new trial was overruled, exceptions taken, and ninety days time given in which to file a bill of exceptions, and that on the same day judgment was rendered on the verdict.

The longhand manuscript of the stenographer's notes of the evidence was filed in the office of the clerk on the 9th day of December, 1897, and was certified by the judge as the general bill of exceptions on the 11th day of December, 1897, and ordered to be made a part of the record.

Section 1916, Burns' R. S. 1894 (1847, Horner's R. S. 1897), reads as follows: "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered; and they must be signed by the judge and filed by the clerk."

VOL. 20—5

It has been held by the Supreme and this court that, under this section of the statute, a bill of exceptions not filed within sixty days after the rendition of judgment is not in the record. *Houston* v. *State,* 15 Ind. App. 424; *Marshall* v. *State,* 123 Ind. 128; *State* v. *Hunt,* 137 Ind. 537; *Bruce* v. *State,* 141 Ind. 464.

As, under the statute, the jury were authorized to assess as a punishment a fine not exceeding $500.00 to which they might add imprisonment in the county jail for any period not more than three months nor less than ten days, we cannot say that the punishment was excessive. Section 2043, Burns' R. S. 1894 (1964, Horner's R. S. 1897).

The bill of exceptions was filed too late. Judgment affirmed.