## FARB v. STATE OF INDIANA.

[No. 24,448. Filed March 19, 1924.]

1. **CRIMINAL LAW.**—*Appeal.*—*Briefs.*—*Rules of Supreme Court.*—A brief of appellant which contains no recital of the evidence but refers to the transcript containing a bill of exceptions with more than sixty pages of evidence, does not sufficiently comply with Rule 22 of the Supreme Court requiring condensed recital of the evidence where insufficiency of the evidence to sustain the verdict is alleged. p. 400.

2. **CRIMINAL LAW.**—*Appeal.*—*Bill of Exceptions.*—*Time of Filing.*—A bill of exceptions, filed after the term, without leave of court at the time of overruling the motion for new trial, as required by §2163 Burns 1914, Acts 1905 p. 584, §287, cannot be considered as a part of the record. p. 401.

3. **CRIMINAL LAW.**—*Appeal.*—*Evidence not Considered Without Bill of Exceptions.*—The sufficiency of the evidence to sustain the finding cannot be considered on appeal in the absence of a bill of exceptions containing the evidence. p. 401.

From Marion Criminal Court (54,708); *James A. Collins*, Judge.

Joe Farb was convicted of a violation of the prohibition law and he appeals.  *Affirmed.*

*Earl R. Cox,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Fred I. King,* for the State.

WILLOUGHBY, J.—The appellant with another was indicted for a violation of the liquor law.  The indictment was in two counts.  The first count charged an unlawful sale of liquor to a person or persons to the grand jurors unknown and the second count charged the sale to one Thomas Trissler.

The defendant waived arraignment and entered a plea of not guilty.  The cause was submitted to the court for trial without the intervention of a jury.  The court after hearing the evidence, found the defendant guilty and assessed his punishment and entered judgment upon the finding, from which this appeal is taken.

The appellant assigns as error that the court erred in overruling appellant's motion for a new trial.  In the motion for a new trial the only errors assigned are that the finding rendered against appellant is contrary to law and that the finding is not sustained by sufficient evidence.

The fifth clause of Rule 22 of the Supreme Court provides, "If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the brief shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely."

Appellant's brief contains no such statement.  His brief directs us to the transcript in which is found a bill of exceptions containing more than sixty

1.  pages of evidence.  The certificate of the judge to the bill of exceptions shows that it was pre-

sented to such judge on July 28, 1923, and signed by him on the same day and filed on August 18, 1923, being the forty-second judicial day of the July term, 1923, of the Marion Criminal Court.

A further examination of the transcript shows that the motion for a new trial was overruled on June 23, 1923, being the one hundred and fiftieth judicial day of the January term, 1923, of said court, and that at the time of the overruling of such motion for a new trial no time was given appellant in which to prepare and present a bill of exceptions.

When a bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial. *Bass* v. *State* (1918), 188 Ind. 21; *Taylor* v. *State* (1921), 191 Ind. 200; §2163 Burns 1914, Acts 1905 p. 584, §287. Therefore the purported bill of exceptions not being filed in compliance with the law, cannot be considered as a part of the record and no question presented by such bill of exceptions can be considered by the court.

The sufficiency of the evidence to sustain the finding cannot be considered on appeal in the absence of a bill of exceptions containing the evidence. The record in this case not presenting any question for the decision of this court, the judgment is affirmed.