## LINDSAY v. STATE OF INDIANA.

[No. 24,589.   Filed November 19, 1924.]

1. CRIMINAL LAW.—*Assignment of Errors.—Constitutionality of Statute.*—The constitutionality of the statute governing an offense charged, may not be assigned as an independent error on appeal, but the question must be first presented to the trial court.  p. 335.

2. CRIMINAL LAW.—*Assignment of Error.—Insufficiency of Affidavit.*—An independent assignment of error attacking the pleading which charges the offense, for the reason that it did not state facts sufficient to constitute a public offense, presents no error for consideration on appeal in a criminal case.  p. 335.

3. CRIMINAL LAW.—*Bill of Exceptions.—Filed after Term.— Time Must be Granted.*—A bill of exceptions filed after term without leave granted by the court for such extension, becomes no part of the record, even though approved and signed by the judge, filed with the clerk and physically incorporated in the transcript.   p. 335.

4. CRIMINAL LAW.—*Bill of Exceptions.—Filed after Term.— Certificate of Judge not Sufficient.*—A certificate by the judge to the bill of exceptions, to the effect that "now, within the time given, defendant tenders to the court, and the judge thereof, for his approval and signature, this, his bill of exceptions" is insufficient to show that the time for presenting the bill had been extended beyond the term, when the record discloses no such order of court.   p. 336.

5. INTOXICATING LIQUORS.—*Possession of Still.—Sufficiency of Title to Statute.—Constitutional Requirement.*—The title of Acts 1923, ch. 33, "An Act concerning stills and distilling apparatus, and declaring an emergency" is not too broad to cover the prohibition of the possession of stills for the unlawful manufacture of intoxicating liquor.   p. 337.

6. STATUTES.—*Title.—General Subject.—Details not Necessary.* —When the subject of a legislative act is general, it is unnecessary to set forth in the title the details of the act, and a title broader than the body of the act is not objectionable.   p. 337.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Andrew Lindsay was convicted of a violation of the prohibition law, and he appeals.   *Affirmed.*

*Duvall & Whitaker* and *Gerdink & Gerdink,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

TRAVIS, J.—Appellant was convicted of the charge of unlawfully possessing a still for the manufacture of intoxicating liquor, in violation of §1, Acts 1923 p. 107; and upon appeal alleges as errors:

(1) That there was no valid and constitutional law in force regarding the possession of stills for the purpose of the manufacture of intoxicating liquors.

(2) That the facts stated in the affidavit do not constitute a public offense.

(3) Error in overruling motion for a new trial.

(4) Error in overruling motion for arrest of judgment.

The first assignment of error is independent of, and does not rest upon a ruling of the trial court. An independent cause for reversal of a judgment, because of the alleged fact that there was no valid

1. and constitutional law upon which the charge could be predicated presents no question for review. The question of the constitutionality of the statute must first be presented to the trial court, otherwise the question may not be presented upon appeal. *Pittsburgh, etc., R. Co.* v. *Town of Wolcott* (1904), 162 Ind. 399; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467; *Baublett* v. *Strickler* (1921), 190 Ind. 548; Ewbank's Manual (2d ed.) §133.

Under the statute the second assignment of error presents no question for decision. An independent assignment of error attacking the pleading which

2. charges the offense, for the reason that it did not state facts sufficient to constitute a public offense, presents no error for consideration on appeal in a criminal case. *Bills* v. *State* (1918), 187 Ind. 721; *Boos* v. *State* (1914), 181 Ind. 562; §§341, 2231 Burns 1914, §336 R. S. 1881, Acts 1905 p. 584; *Scherer* v. *State* (1917), 187 Ind. 15.

The motion for a new trial, the overruling of which by the trial court is the third assigned error, is based upon the insufficiency of the evidence to sustain the finding, and that the finding of guilty by the court is contrary to law.

Appellant incorporates in the transcript of the case for appeal what purports to be a bill of exception containing the evidence. Appellee makes the point

3. that appellant did not present such bill of exception to the court for approval during the term

at which the case was tried, and that leave to file the same thereafter was not asked for by appellant or permission given by the court. Purported bills of exceptions, although approved and signed by the judge of the court and then filed with the clerk and physically incorporated in the transcript, unless leave therefor was granted at the time of the ruling on the motion for a new trial, become no part of the record, and, therefore present no exceptions for review. *Robards* v. *State* (1899), 152 Ind. 294; *Utterback* v. *State* (1899), 153 Ind. 545; *Pierson* v. *State* (1921), 191 Ind. 206, 131 N. E. 397; *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294, 295; *Flanagan* v. *State* (1922), 192 Ind. 662, 137 N. E. 179; *Moore* v. *State* (1923), 141 N. E. (Ind.) 638, 639; *McNaught* v. *State* (1924), 194 Ind. 209, 142 N. E. 418; *Farb* v. *State* (1924), 194 Ind. 399, 143 N. E. 155; §2163 Burns 1914, Acts 1905 p. 584.

The judge of the trial court states in his certificate to the bill of exceptions, that "now, within the time given, defendant tenders to the court, and the judge thereof, for his approval and signature, this, his bill of exceptions, ✱ ✱ ✱ ✱." It has heretofore been held that a similar statement by the court where the bill had been presented, allowed and filed after the time granted was insufficient to show that the time for presenting the bill had been extended. A purported bill of exceptions to which the certificate of the court asserted that such bill of exceptions was tendered to the court within the time granted, when in fact, as disclosed by the record, no such order by the court is of record, does not by virtue of such certification become a part of the record. *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657.

By his proposition addressed to the fourth assignment of error, appellant raises the question of the constitutionality of the act, in violation of Art. 4, §19, of

the Constitution of Indiana, upon which the affidavit which charges the crime is based, and makes the point, that the act has reference to the possession and use of stills for the manufacture of intoxicating liquor, but that such use is not specifically mentioned in the title of the act; and that stills may be for other purposes than distilling intoxicating liquor; from which it must follow that the title to the act is too broad, and that the title be narrowed and restricted to specifically point to each particular treated of under the general subject of the act as expressed by the title.

This position taken by appellant is not sustained by the history of legislation in Indiana.

The title to the act in question, "An Act concerning stills and distilling apparatus, and declaring an emergency" is general, and relates to but one subject. When the subject of a legislative act is general, it is unnecessary to set forth in the title the details of the act, from which it follows that because a title to an act is general, and thereby so broad that it may include more than the body of the act treats of, it is not objectionable.

The title to the towns and cities act, "An Act concerning municipal corporations," (Acts 1905 p. 219, §8639 *et seq.* Burns 1914) is general, and fails to mention any of the details of the act itself, and was held not violative of the constitution. *Marion, etc., Traction Co.* v. *Simmons* (1913), 180 Ind. 289.

The title, "An Act concerning intoxicating liquor" (Acts 1911 p. 244, §8323d *et seq.* Burns 1914) was held sufficient although it did not set out all matters connected therewith, or germane thereto. *Board, etc.,* v. *Scanlon* (1912), 178 Ind. 142, 145. In construing the title, "An Act concerning highways" (Acts 1905 p. 521, §7649 *et seq.* Burns 1914), which is general, against an

VOL. 195—22

attack that the title could not include streets of a town or city, this court held that the title to an act need not specify each particular or detail within the scope of the act; but that such title is sufficient if all details of the act might be reasonably inferred. *Smith* v. *Board, etc.* (1910), 173 Ind. 364, 384. In construing the title, "An Act concerning drainage, and repealing laws in conflict" (Acts 1907 p. 508, §6140 *et seq.* Burns 1914), this court in holding that the provision therein (§21) concerning the proceeding pending under the drainage act approved March 6, 1905, was comprehended by the title, held that, "it is not necessary that all matters properly connected with the subject matter shall be expressed in the title." *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 141. It is no objection that a title to an act is too broad, general, or that it comprehends more than is legislated upon by the act itself.

Appellant's objection to the constitutionality of the act, Acts 1923 p. 107, because the title does not embrace stills and distilling apparatus used in the manufacture of intoxicating liquor, is not well taken, and it is therefore held that the title to the act comprehends stills and distilling apparatus possessed, controlled, or used in the manufacture of intoxicating liquor.

Judgment affirmed.