## WILLIAMS v. STATE OF INDIANA.

[No. 24,910.   Filed November 17, 1925.]

1. CRIMINAL LAW.—*Where bill of exceptions containing evidence to be filed after term at which motion for new trial is overruled, leave must be granted at time of ruling on motion.*— Under the provision of §2330 Burns 1926, §2163 Burns 1914, where a bill of exceptions containing the evidence is to be filed after the term at which the motion for a new trial is overruled, leave therefor must be given by the court at the time of such ruling. p. 685.

2. CRIMINAL LAW.—*Bill of exceptions containing evidence, filed after term motion for new trial was overruled, not in record unless leave granted when motion ruled on.*—A bill of exceptions containing the evidence, filed after the term at which the motion for a new trial was overruled, does not become a part of the record unless leave was granted at the time of ruling on the motion. p. 685.

3. CRIMINAL LAW.—*Questions requiring examination of evidence not considered on appeal where bill of exceptions containing evidence was filed after term without leave of court.*— Questions requiring an examination of the evidence will not be considered on appeal when the bill of exceptions containing the evidence was filed after term at which motion for new trial was overruled, and leave for such filing was not granted at the time of ruling on such motion. p. 686.

From Johnson Circuit Court; *Fremont Miller*, Judge.

Claude Williams was convicted of unlawfully selling intoxicating liquor, and he appeals. *Affirmed.*

*H. Earl Brown*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George M. Barnard*, for the State.

WILLOUGHBY, C. J.—This action was commenced by affidavit charging the appellant with the unlawful sale of one pint of intoxicating liquor in Johnson county, State of Indiana. A jury found the defendant guilty and judgment was rendered on the verdict that the appellant be fined in the sum of $100 and be sentenced

to the Johnson county jail for a period of thirty days. And from such judgment, he has appealed.

Appellant's only assignment of error is that the lower court erred in overruling his motion for a new trial. Under this assignment of error, the appellant's brief is confined solely to a discussion of the sufficiency of the evidence to sustain the verdict.

The appellee alleges that the bill of exceptions containing the evidence is not in the record and therefore there is no question presented by appellant for the decision of this court.

Under the provision of §2330 Burns 1926, §2163 Burns 1914, it has been held that where a bill of exceptions containing the evidence is to be filed

1, 2. after the term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial. If a bill of exceptions containing the evidence is filed after term and after the cause is finally disposed of, leave therefor not being given at the time of the ruling on the motion for a new trial, the bill of exceptions containing the evidence does not become a part of the record and cannot be considered by the Supreme Court on appeal. *Taylor* v. *State* (1921), 191 Ind. 200; *Pierson* v. *State* (1921), 191 Ind. 206; *Farb* v. *State* (1924), 194 Ind. 399; *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Bass* v. *State* (1918), 188 Ind. 21.

The record shows that this cause was submitted to trial before a jury on January 14, 1925, that being the twenty-seventh judicial day of the December term, 1924, of the Johnson Circuit Court and, on the same day, the jury returned a verdict of guilty. Appellant's motion for a new trial was filed January 20, 1925, the same being the thirty-second judicial day of the December term, 1924, of said Johnson Circuit Court and said mo-

tion for a new trial was overruled and judgment rendered by the court on January 24, 1925, the same being the thirty-sixth judicial day of the December term, 1924, of said court.

The record does not show that time was given beyond the term of the court to file a bill of exceptions containing the evidence. The record does show

3.  that appellant presented and filed his bill of exceptions containing the evidence on February 21, 1925, the same being the eighteenth judicial day of the February term, 1925, of said court. It will therefore be seen that the bill of exceptions containing the evidence is not in the record and therefore no question which requires an examination of the evidence can be considered by this court on appeal.

No error being presented by the record, the judgment of the trial court is affirmed.