RHODEHAMEL v. STATE OF INDIANA.

[No. 24,792. Filed June 10, 1927. Rehearing denied November 3, 1927.]

1. CRIMINAL LAW.—*Grant of time beyond the term for tendering bill of exceptions can only be shown by order-book entry.*—The fact that time has been granted beyond the term for presenting a bill of exceptions to the judge for his approval can only be shown by an order-book entry and cannot be shown by a recital in the bill itself. p. 523.

2. CRIMINAL LAW.—*Prosecuting attorney cannot extend time for tendering bill of exceptions.*—The prosecuting attorney cannot, by agreement, extend the time for tendering bill of exceptions as fixed by the order of the court. p. 524.

3. CRIMINAL LAW.—*Bill of exceptions must be tendered within time fixed to present any question on appeal.*—In order to present any question on appeal that arose in the trial, the bill of exceptions containing it must be presented to the trial judge within the time fixed for presenting it. p. 524.

4. CRIMINAL LAW.—*Date of tendering bill of exceptions, how shown.*—The date of presenting a bill of exceptions to the judge must be stated in the bill itself and cannot be shown by an indorsement thereon. p. 524.

5. CRIMINAL LAW.—*What controls when conflict between statement in bill of exceptions and order-book entry as to date of presentation to judge.*—A statement in a bill of exceptions as to the time of presenting it to the judge for his approval will control when there is a conflict between the statement and an order-book entry as to such time. p. 524.

6. CRIMINAL LAW.—*Bill of exceptions tendered in time is effective although not approved nor filed within time granted.*—If a bill of exceptions is tendered to the judge for approval within the time granted, it is effective although not approved nor filed until after the expiration of the prescribed time. p. 524.

7. CRIMINAL LAW.—The filing of a bill of exceptions must be done after the bill is signed. p. 525.

8. CRIMINAL LAW.—*Filing of bill of exceptions, how shown.*—The filing of a bill of exceptions can only be shown by an order-book entry, and cannot be shown by a statement in the bill itself nor by the file mark of the clerk thereon. p. 525.

9. CRIMINAL LAW.—*When time given for tendering bill of exceptions containing the evidence.*—When a bill of exceptions containing the evidence is to be tendered to the judge for approval after the term, time must be given by the court at the time of ruling on the motion for a new trial. p. 525.

10. CRIMINAL LAW.—*Judge's certificate to bill of exceptions may show that it was presented within time granted.*—A certificate of the trial judge at the close of a bill of exceptions that it was presented to him for approval within the time allowed therefor sufficiently shows that fact, and will control when an order-book entry shows that it was not presented until after the expiration of such time. p. 525.

11. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for transporting intoxicating liquor although denied by the defendant and his companion at the time of the alleged transportation. p. 525.

12. INTOXICATING LIQUORS.—*State did not need to negative exception in act of 1923 prohibiting transportation of intoxicating liquor in a vehicle.*—In a prosecution for transporting intoxicating liquor in a vehicle in violation of Acts 1923 p. 108, it was not necessary to allege or prove that the defendant did not come within the exception in the priviso to the first section of the statute to the effect that it was not applicable to the transportation of intoxicating liquor for lawful purposes. p. 527.

From Grant Circuit Court; *J. F. Charles*, Judge.

Clayton E. Rhodehamel was convicted of unlawfully transporting intoxicating liquor in an automobile, and he appeals. *Affirmed.*

*John A. Kersey*, for appellant.

*Arthur L. Gilliom*, Attorney-General, *Edward J. Lennon, Jr.*, Deputy Attorney-General, *Arnet B. Cronk* and *Carl J. Wilde*, for the State.

WILLOUGHBY, J.—The appellant was charged by affidavit with having unlawfully and feloniously transported four pints and four half-pints of intoxicating liquor in an automobile. A trial by the court resulted in a finding of guilty, upon which judgment was rendered, and from such judgment this appeal is taken.

The only error properly assigned is that the court erred in overruling the motion for a new trial. The only specifications of error in the motion for a new trial are: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law. The only question raised in appellant's brief goes to the sufficiency of the evidence to sustain the finding of the court; and appellee claims that this question cannot be considered because, as it alleges, the evidence has not been brought into the record by a proper bill of exceptions. That the record shows that the bill of exceptions containing the evidence was filed after the term and after the time fixed by the court for such filing, and that said bill of exceptions was not tendered for filing

within the time fixed by the court. An examination of the record refutes appellee's contention.

By an order-book entry in the record, it appears that the motion for a new trial was overruled and exceptions taken and thirty days in which to file all bills of exceptions given, and ninety days granted to perfect the appeal on June 30, 1924, and it also appears from an order-book entry in the record that the bill of exceptions was filed as a paper in the case after the same had been signed by the judge. At the close of the bill of exceptions and in the body thereof appears the following certificate signed "J. F. Charles, Judge Grant Circuit Court":

And now within the time allowed by said court, to wit: the 29th day of July, 1924, the defendant, Clayton E. Rhodehamel, now tenders this, his bill of exceptions, embracing all of the evidence given and heard on the trial of the above entitled cause, together with all offers to introduce testimony, all objections to the introduction of testimony, all rulings of the court thereon, all motions to strike out and all other motions concerning the admission and exclusion of evidence, all rulings of the court thereon and all objections and exceptions to the rulings of the court, and the undersigned, judge thereof and the court, having seen and inspected said bill of exceptions, and having found the same to be true and correct, does settle the same, and sign and seal the same and does now order said bill of exceptions filed and made a part of the record in this cause; all of which is now finally found and accordingly done, this 29th day of July, 1924."

Section 2330 Burns 1926, provides that all bills of exception must be presented within the time allowed for the approval and signature of the judge, after 1. which they shall be filed with the clerk. The fact that time is granted beyond the term for presenting the bill of exceptions to the judge for his approval can

only be shown by an entry in the order-book.    A recital in the bill itself that time was granted is not sufficient. *Calvert* v. *State* (1883), 91 Ind. 473; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657; *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 131 N. E. 518; *Flanagan* v. *State* (1922), 192 Ind. 662, 137 N. E. 179.

2. The prosecuting attorney cannot by agreement extend the time for tendering bills of exception as fixed by the order of the court.    *Bartley* v. *State* (1887), 111 Ind. 358, 12 N. E. 503.

3. In order to present any question on appeal that arose in the trial, the bill of exceptions must be presented to the trial judge within the time fixed for presenting it.    *Joseph* v. *Mather* (1887), 110 Ind. 114, 10 N. E. 78; *Cornell* v. *Hallett* (1895), 140 Ind. 634, 40 N. E. 132; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918.

4. The date of presenting the bill to the judge must be stated in the body of the bill and not by an indorsement thereon.    *Hormann* v. *Hartmetz* (1891), 128 Ind. 353, 27 N. E. 731; *Ayres* v. *Armstrong* (1895), 142 Ind. 263, 41 N. E. 522.

5. A statement in the bill as to the date of presenting it to the judge will control when there is a conflict between the statement and the order-book entry as to such time.    *Robinson* v. *State* (1899), 152 Ind. 304, 53 N. E. 223; *Merrill* v. *State* (1901), 156 Ind. 99, 59 N. E. 322.

6. If the bill is presented to the judge within the time granted, it is effective, although not finally approved nor filed until after the expiration of the prescribed time.    *Flatter* v. *State* (1914), 182 Ind. 514, 107 N. E. 9.

The filing of a bill must be done after the bill is signed. *Drake* v. *State* (1895), 145 Ind. 210, 41 N. E. 799.    And

the filing of the bill must be shown by an order-book entry. *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681. It cannot be shown by a statement in the bill itself nor by the file marks of the clerk thereon. *Patterson* v. *Dodson, Sheriff* (1921), 190 Ind. 362, 130 N. E. 402.

When a bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial. *Bass* v. *State, supra; Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294.

In *Robinson* v. *State, supra,* it is held that the certificate of the judge that the bill of exceptions was presented to him on a certain date for signature will control a journal entry recited in the record that the bill was presented on a later date. Where the bill of exceptions was presented to the court within the time allowed, it is properly in the record, although it was not finally approved nor filed until after the prescribed time. The bill of exceptions is properly in the record.

The evidence most favorable to the state shows that, on or about June 7, 1924, the county officers were advised as to the location of some intoxicating liquor concealed in the weeds in or near a public highway in the city of Marion, Grant county, Indiana. Four officers went to the place where this liquor was said to be concealed about 11 o'clock in the morning and found several pints and half-pint bottles containing alcohol in two piles in the weeds. The two piles were about ten yards apart and on the west side of the highway. The officers searched along this section of the road and found no other intoxicating liquor. They watched the place continuously from 11 o'clock a. m. until 9 o'clock the same day. At about 9 o'clock

that evening, the appellant, with another person, drove past the officers in an automobile. After proceeding a short distance past the officers, the appellant stopped and got out of his car, then in a few minutes got in, his car and drove back and stopped just opposite the two piles of whisky, when appellant got out of his car again and went over into the grass along the road by the fence. The appellant then got in the car and started away, when they were stopped and the car was searched by the officers. According to the testimony of these witnesses, the time that the appellant was out of the car at that place was in the neighborhood of five minutes. The officers found no intoxicating liquor in the automobile but found a pile of bottles containing alcohol in the weeds along the road. It was near the place along the fence where the appellant was seen to go. The evidence shows that no liquor was in the grass at that place before the appellant and his companion drove up. The appellant was arrested just as he was leaving the place opposite where the liquor was found. This testimony was given by four officers, and was disputed by the appellant and his companion. There was no other testimony in the case. This was a trial by the court without a jury, and it appears from the record that the judge of the court himself examined and cross-examined the several witnesses. This evidence is circumstantial, but the circumstances proved point to the conclusion that the appellant took the bottles of liquor from his car and hid them in the weeds between the other two piles. That he did it at the time he stopped, as the witnesses for the state testified on their examination.

This evidence is assailed by the appellant in his brief as being untruthful and that the witnesses were unworthy of belief and testified to things which appellant alleges could not have been true. The trial court heard this evidence, saw the witnesses when they testified, and

asked many questions concerning the circumstances about which they testified. The finding reached by the trial court was that the appellant was guilty of transporting intoxicating liquor as charged in the affidavit. We see no reason for disturbing the finding of the court upon this evidence. *Lowery* v. *State* (1925), 196 Ind. 316, 321, 147 N. E. 151.

The appellant in his brief, argues that the finding of the court was contrary to law because the facts alleged in the affidavit did not show a criminal offense because there was no allegation that the appellant was not within the exception contained in the proviso of §1, of the act creating the offense. But in *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674, which was a prosecution under the statute upon which this prosecution is based, being ch. 34, of the acts of 1923, this court said: "As to the appellant's second objection to the affidavit that it does not negative the exception contained in the proviso, which is as follows: 'Provided, however, That nothing herein contained shall affect the transportation of intoxicating liquor for such purposes or uses as are not prohibited by existing law,' the rule is well established in this state that where an offense is created by statute and an exception is made, either by another statute, *or by another substantive clause of the same statute,* it is not necessary for the prosecutor, either in the *indictment or by evidence,* to show that the defendant does not come within the exception; . . . *Hewitt* v. *State* (1899), 121 Ind. 245, 23 N. E. 83; *Crawford* v. *State* (1900), 155 Ind. 692, 57 N. E. 931; *State* v. *Closser* (1912), 179 Ind. 230, 99 N. E. 1057; *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407."

The finding is sustained by sufficient evidence and is not contrary to law. Judgment affirmed.