## PHILIPS *v.* STATE OF INDIANA.

[No. 25,876.   Filed October 10, 1930.]

*Thomas C. Whallon*, for appellant.

*James M. Ogden*, Attorney-General, and *Merl M. Wall*, Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—Appellant and another were prosecuted by indictment in two counts, one for burglary in the second degree and the other for grand larceny. This appellant was tried separately, and the jury brought in a verdict of guilty on each count. Judgment was rendered on such verdict and the defendant appealed. The only assignment of error is that the court erred in overruling appellant's motion for a new trial.

The record shows that appellant's motion for a new trial was filed on July 5, 1929, and was overruled on July 27, 1929, during the July term, 1929, of the Marion Criminal Court, and, at that time, the defendant excepted to the ruling of the court.

In his motion for a new trial, appellant alleges as reasons for a new trial: Irregularity in the proceedings of the court which prevented the defendant from having a fair trial; error of the court in overruling defendant's motion to set aside submission of the cause and discharge the jury; and misconduct on the part of a juror named August C. Bohlen. The particulars of the alleged misconduct of said juror are set out in an affidavit of Thomas C. Whallon, filed in support of said motion for a new trial. The motion also alleges that the verdict of the jury is contrary to law and is not sustained by sufficient evidence.

The record further shows that afterward, on January 30, 1930, the following further proceedings were had, to wit: "Comes now the defendant by his counsel and tenders to the court his bill of exceptions containing the evidence in this cause, which is signed by the court, order filed and is now filed and made a part of the record in this cause."

The record does not show that time was given for presenting a bill of exceptions, and, since this bill was not presented until January 18, 1930, which was in the January term of said court, it is not in the record.

A bill of exceptions cannot be brought into the record at a term of court subsequent to the term at which the trial was held, except upon permission therefor given by the court at or before the time of its ruling upon the motion for a new trial. The fact that time is granted beyond the term for presenting the bill of exceptions to the judge for his approval can only be shown by an entry in the order book. A recital in the bill itself that time was granted is not sufficient. *Rhodehamel* v. *State* (1927), 199 Ind. 520, 157 N. E. 49; *Barker* v. *State* (1919), 188 Ind. 493, 124 N. E. 681.

Section 2330 Burns 1926, provides that the party objecting to a decision must except thereto at the time the decision is made, but he may reduce such exceptions to writing at any time during the term, or, by leave of the court, within such time thereafter as the court may allow. All bills of exceptions must be presented, within the time allowed, for the signature and approval of the judge, after which they shall be filed with the clerk.

When the record fails to show that time beyond the term was given to present a bill of exceptions, such bill is not in the record. *Flanagan* v. *State* (1922), 192 Ind. 662, 137 N. E. 179; *Farb* v. *State* (1924), 194 Ind. 399, 143 N. E. 155; *Williams* v. *State* (1925), 196 Ind. 684, 149 N. E. 441.

To present for review on appeal the action of the court on a challenge of a juror, the challenge and grounds therefor must be shown by a bill of exceptions, and these facts cannot be shown by a recital thereof in the motion for a new trial. *Napier* v. *State* (1925), 196 Ind. 576, 149 N. E. 49.

The overruling of defendant's challenge to a juror is not before the court for review where the examination of the juror on his *voir dire* is not contained in a bill of exceptions, but is only set out in the motion for a new trial. *Wallace* v. *State* (1925), 196 Ind. 509, 149 N. E. 57.

An appellate tribunal can get information as to what occurred in the trial of a cause only from statements in the record as made up of entries by the clerk and from bills of exception certified by the trial judge and duly filed, and not from motions and affidavits. *Blum* v. *State* (1925), 196 Ind. 675, 148 N. E. 193; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775.

All questions attempted to be presented in this appeal require an examination of the evidence, and, as the evidence is not in the record, it necessarily follows that no question is presented for the consideration of this court. The presumption is in favor of the rulings and judgment of the trial court, and continues until overthrown by an affirmative showing on the part of the party claiming error.

Judgment affirmed.