PALMER *v.* STATE OF INDIANA.

[No. 26,672. Filed January 16, 1937.]

*Lawrence H. Robbins, Samuel E. Johnson* and *Lewis A. Lee,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was charged by affidavit with the crime of conspiracy. Appellant entered a plea of not guilty and there was a trial by jury. A verdict of guilty as charged was returned, and judgment was entered according to the verdict. Appellant filed his motion for a new trial which was overruled by the court on the 29th day of November, 1935, the same being the 49th judicial day of the October term. On December 12, 1935, appellant prayed an appeal to the Supreme Court, which prayer was granted, and leave was granted by the court to file bill of exceptions herein, up until January 31, 1936. The purported bill of exceptions containing the evidence was presented to the trial judge

and filed with the clerk on January 24, 1936, being the 17th day of the January term of the Madison Circuit Court.

It will be noted that the record in this case clearly shows that appellant's motion for a new trial was overruled on November 29, 1935, and appellant did not request and the court did not grant at that time appellant time to file his bill of exceptions after the term. And the record shows that appellant's bill of exceptions containing the evidence was not presented for filing at the October term, but was presented at the January term.

It has been the well settled rule in this state for many years that, "When a bill of exceptions containing the evidence is to be filed after the term, leave therefor must be given by the court at the time of the ruling on the motion for a new trial." *Farb* v. *State* (1924), 194 Ind. 399, 401, 143 N. E. 155, and cases there cited.

In *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438, this court said (p. 336) :

"Purported bills of exceptions, although approved and signed by the judge of the court and then filed with the clerk and physically incorporated in the transcript, unless leave therefor was granted at the time of the ruling on the motion for a new trial, become no part of the record, and, therefore present no exceptions for review."

Appellant's only assignment of error is the action of the court in overruling his motion for a new trial. All the reasons assigned relate to the admission of certain evidence over his objection, and the sufficiency of the evidence to support the verdict. As each question calls for a consideration of the evidence we cannot consider them as the evidence is not before us.

No reversible error having been shown, the judgment is affirmed.