## CYRUS v. STATE OF INDIANA.

[No. 24,492.   Filed November 13, 1924.]

1. INTOXICATING LIQUORS.—*Statute.—Title.—Construction.*—The title of the prohibition act is "An act prohibiting the manufacture * * * of intoxicating liquor," etc.   Acts 1921 p. 736, §8356d Burns' Supp. 1921, amending such act which provided, among other things that "It shall be unlawful * * * for any person to have or possess any still, device or property for the manufacture of liquor intended for use in violation of the laws of this state," when properly construed, prohibits only the possession of a still for the manufacture of intoxicating liquor.   p. 347.

2. STATUTES.—*Construction.—Rules.*—In   construing   statutes both the title and the body of the act should be considered in determining whether the act is within or covered by the title.   p. 348.

3. STATUTES.—*Intention of Legislature.*—In construing a statute the object is to discover the intent of the legislature, and where the legislative intent clearly appears from the language used, courts may restrict the general meaning of words in order to effectuate the manifest purpose of the statute.   p. 348.

4. INTOXICATING LIQUORS.—*Offense of Possession of Still.—Indictment.*—An indictment charging the possession of a still for the manufacture of liquor "intended for use in violation of the laws of this state" sufficiently charges an offense since it is the language of the statute, and charges any unlawful use of the manufactured liquor.   p. 349.

5. INTOXICATING LIQUORS.—*Statute.—Title.—Construction.*—The title to the prohibition act which prohibits the manufacture of intoxicating liquor is sufficient to cover an amendment prohibiting the possession of a still for the purpose of manufacturing liquor to be used unlawfully, since it is only the subject of the act that needs to be expressed in the title.   p. 350.

From Ripley Circuit Court; *Albert B. Wycoff,* Judge.

Robert F. Cyrus was convicted of a violation of the prohibition law, and he appeals.   *Affirmed.*

*P. E. Bear,* for appellant.

*U. S. Lesh,* Attorney-General, and *William M. Turner,* for the State.

GAUSE, J.—Appellant was convicted under an indictment returned September 14, 1922, which charged him

with unlawfully possessing a still for the manufacture of intoxicating liquor for use in violation of the laws of this State.

The indictment was predicated upon the statute as it existed at that time (Acts 1921 p. 736, §8356d Burns' Supp. 1921.)   The part of said statute relating to the possession of stills, etc., has been superseded by Acts 1923 p. 107.

The title of the act upon which the indictment was predicated stated that it was an Act to amend certain sections of an Act entitled, "An Act prohibiting the manufacture  *  *  *  of intoxicating liquor," etc.

The part of said act applicable to this case reads as follows:  "It shall be unlawful  *  *  *  for any person to have or possess any still, device or property for the manufacture of liquor intended for use in violation of the laws of this State."

Appellant filed a motion to quash the indictment on the ground that the facts stated do not constitute a public offense, and also filed a motion in arrest of judgment assigning the same ground.   Each motion was overruled and these rulings are the only ones complained of.

The indictment charged that appellant at a certain time and place, "did then and there unlawfully have and possess a certain still, device and property for the manufacture of intoxicating liquor intended for use in violation of the laws of this State  *  *  *."

The first contention of appellant is that the indictment does not follow the exact language of the act,

1.  in that although the title refers to the manufacture of *intoxicating* liquor, the body of the act prohibits the possession of a still for the manufacture of *liquor*, without limiting it to intoxicating liquor, and also in this same connection appellant contends that the body of the act is broader than the title which only refers to *intoxicating* liquor.

We think that when properly construed the act only prohibits the posession of a still for the manufacture of *intoxicating* liquor.

It is a familiar rule that in construing statutes we should look to both the title and the body of the act, and that the title should be considered in con-

2.  struing the body, and that the whole act should be construed together. *Huff* v. *Fetch* (1924), 194 Ind. 570, 143 N. E. 705.

The object to be kept in mind in construing a statute is to discover the intention of the legislature. The strict letter must yield to the obvious intent.

3.  While the intention of the legislature must be ascertained from the language used, yet, where the intention of the legislative body clearly appears from the language used, courts may restrict the general meaning of words in order to effectuate the manifest purpose of the statute. *Burrows* v. *Delta Transportation Co.* (1895), 106 Mich. 582, 64 N. W. 501, 29 L. R. A. 468; *State* v. *Pay* (1915), 45 Utah 411, 146 Pac. 300, Ann. Cas. 1917E 173; 2 Lewis, Suth. St. Const. §§376, 381, 25 R. C. L. 971.

In the case first cited above it was objected that the title of the act and the body were repugnant because the title provided that *steam* vessels should provide fire screens, etc., while the body of the act provided that *all* vessels should have fire screens, etc.

The court, in disposing of this objection, said:

"The rule of construction of statutes requires that a reasonable interpretation be given to the language used in the provisions so as to accomplish the object sought to be reached. The aim and purpose of this statute is to compel steam vessels navigating the waters of this State to be provided with fire screens for smokestacks, and to provide a penalty for violation of this requirement. The object is clear, and the mere omission of

the word 'steam' before the word 'vessels' in section 1 of the act, * * * does not render the act repugnant in its terms. Clearly, it means all steam vessels."

We think that, as to the statute under consideration, it is clear, when the foregoing rules of construction are kept in mind, that the keeping of a still for the manufacture of *intoxicating* liquor to be used in violation of law is prohibited.

This is not supplying an omission in the law, but is construing the law as enacted.

It therefore follows that it was proper for the indictment to charge that the still was kept for the manufacture of intoxicating liquor.

Appellant contends that the indictment is insufficient because it fails to allege the purpose for which the intoxicating liquor was to be manufactured, 4. other than the general allegation in the language of the statute, namely, "intended for use in violation of the laws of this state."

The indictment follows the language of the statute and this is generally sufficient where, as in this case, the statute defines the crime. The offense consists in possessing the property for the purpose of manufacturing intoxicating liquor for any use that is not authorized by law. It is not the using of the manufactured liquor that is a violation of this provision.

An indictment has been held sufficient which charged the defendant, in the language of the statute, with keeping a place where intoxicating liquors were sold, bartered and given away, "in violation of the laws of the State of Indiana," notwithstanding that at that time not all sales were unlawful, but only those made under certain conditions. *Rigrish* v. *State* (1912), 178 Ind. 470; *Donovan* v. *State* (1908), 170 Ind. 123.

In the case of *Smith* v. *State* (1924), 194 Ind. 624, 144 N. E. 141, this court had before it an affidavit

charging an offense in substantially the language used in the case at bar, and it was said by the court in that case; that, the affidavit, being in the language of the statute, was sufficient.

Appellant argues that the provision in the statute prohibiting the possession of a still for the unlawful manufacture of intoxicating liquor is not within the title to said act. As has been repeatedly held by this court, it is only the subject of the act that needs to be expressed in the title, and not the matters properly connected therewith. *Baldwin* v. *State* (1923), 194 Ind. 303, 141 N. E. 343.

This title, as heretofore set out, expresses the subject of prohibiting the manufacture of intoxicating liquor, and under such a title it would be proper to embrace in the act any matter properly connected with the subject so expressed.

Certainly prohibiting the possession of property to be used for the manufacture of such liquor would be a matter properly connected with prohibiting the manufacture of the same.

It is our opinion that the indictment is sufficient, and the judgment is affirmed.