· SHOEMAKER v. STATE OF INDIANA.

[No. 24,718. Filed July 3, 1925.]

1. INTOXICATING LIQUORS.—*Act of 1921 prohibiting possession of still is valid.*—Acts 1921, ch. 250, p. 736, which amends the prohibition law of 1917 is valid, and that portion of §1 which prohibits the possession of a still for the manufacture of intoxicating liquor in violation of law is within the title of the act. An indictment following the language of the above section is sufficient (*Cyrus* v. *State*, 195 Ind. 346, followed). p. 434.

2. INTOXICATING LIQUORS.—*Possession of still for manufacture of intoxicating liquor prohibited by Acts 1923 without regard to any other statute.*—Acts 1923, ch. 33, p. 107, §1, provides that it shall be unlawful to possess or use "any still or distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state." *Held*, the last eight words qualify the expression "manufacture intoxicating liquor," and make unlawful the possession, control or use, for the purpose of manufacturing intoxicating liquor in violation of the laws of this state, of any still or distilling apparatus.. p. 434.

3. CRIMINAL LAW.—*Errors in the admission or exclusion of evidence cannot be considered unless evidence is presented by bill of exceptions.*—No question is presented for review on the admission or exclusion of evidence, where there is no bill of exceptions attempting to make the evidence or any part of it a part of the record, and the reporter has merely certified that certain questions and answers of four witnesses constituted all of the testimony relating to a certain matter, which certificate of the reporter is not even authenticated by the judge or clerk. The court cannot determine from a mere fragment of the testimony whether prejudicial error has been committed. p. 435.

From Montgomery Circuit Court; Jere West, Judge.

Ben Shoemaker was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*Friel & Murphy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

EWBANK, J.—The indictment charged that appellant and others therein named, at the time and place stated,

"did then and there unlawfully and feloniously use, have in their possession and under their control a certain still. and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of the State of Indiana, contrary," etc.   It was made unlawful by §1, ch. 250, Acts 1921 p. 736, "for any person to have or possess any still, device or property for the manu-

1.   facture of liquor intended for use in violation of the laws of this state," and that act was held to be valid, and an indictment following its language was held to be sufficient, in *Cyrus* v. *State* (1924), 195 Ind. 346, 145 N. E. 497.   No reason is suggested by counsel for appellant for holding it invalid or that makes us doubt the correctness of that decision.   And the act has not been repealed unless and only so far as it may have been superseded by the enactment of §§1, 3, ch. 33, Acts 1923 p. 107; and (since this appeal was taken) §6, ch. 48, Acts 1925 p. 146.   And since the indictment is so drawn as to be sufficient under either of said acts, whichever may be in force, it is not of great importance to determine which was in force at the time and is charged to have been violated.

The language of §1 of the act of 1923, *supra,* is "that it shall be unlawful for any person to have in his possession or under his control or to use any still or

2.   distilling apparatus for the manufacture of intoxicating liquor, in violation of the laws of this state."   Because of the position of the comma setting off the last eight words of the sentence quoted, appellant insists that "a crime is created only when the possession of a still violates some other statute making its possession unlawful."   And insisting that there is no such other statute, he contends that no offense is charged under this act.   We do not agree with that construction.   The words "in violation of the laws of this state" qualify the expression "manufacture intoxi-

cating liquor." And we think that the proper construction of this section is that it makes unlawful the possession, control or use, for the purpose of manufacturing intoxicating liquor in violation of the laws of this state, of any still or distilling apparatus.

The act of 1923, *supra,* is not an amendatory statute whose validity depends upon the constitutionality of a prior enactment which it might purport to amend, but is an original act, and is not subject to the objections urged against it. The indictment was sufficient, and no error was committed in overruling the motion to quash it.

Appellant seeks to challenge certain rulings in the admission and exclusion of evidence. But there is no bill of exceptions making or attempting to make the evidence or any of it a part of the record. The praecipe merely asked the clerk to prepare a "transcript of the testimony" of four witnesses, designated by name, and the court reporter has merely certified that certain questions and answers set out in her long-hand manuscript constituted all the testimony of two of those witnesses and certain of the questions asked of the other two, with the objections and offers to prove, rulings thereon and exceptions thereto which relate to that part of the testimony. No effort has been made to bring up all the evidence nor to inform this court by recitals in a bill of exceptions of its purport, or in any way to let the court know what was before the trial court tending to prove or disprove appellant's guilt. And even that part which purports to have been copied by the reporter is not authenticated by the judge or the clerk. This court could not determine from a mere fragment of the testimony whether or not prejudicial error was committed in the particulars complained of, even if that fragment were properly authenticated. And it could not act upon anything as constituting part

of the record which is not authenticated by the signature of the judge or certified to by the clerk under the seal of the court as being a bill of exceptions duly filed in the court below within a time allowed by the court, even if what the stenographer copied from the evidence had purported to be all of it. See the many authorities cited in Ewbank's Manual (2d ed.), §§26a, 30, 35, 35d, 115d, 115e.

The judgment is affirmed.