## WALLACE *v.* STATE OF INDIANA.

[No. 24,719. Filed October 7, 1925.]

1. CRIMINAL LAW.—*Appellate tribunal can take notice of its own records in another case, on its own motion.*—An appellate tribunal can take notice of its own records in another case, upon its own motion. p. 510.

2. INTOXICATING LIQUORS.—*Indictment charging possession of still held sufficient.*—An indictment predicated on Acts 1923 p. 107, charging the defendant with unlawfully having in his possession and under his control a certain still and distilling apparatus for the manufacture of intoxicating liquor, *held* sufficient. p. 510.

3. CRIMINAL LAW.—*Action of court in regard to instructions cannot be assigned as error on appeal.*—Action of the court in regard to instructions cannot be assigned as error on appeal, but such questions must be presented in the motion for a new trial. p. 511.

4. CRIMINAL LAW.—*No question presented on appeal where appellant has not supported his specifications of error by argument or citation of authorities.*—No question as to the instructions is presented for review on appeal where appellant has failed to support his specifications of error by argument or citation of authorities. p. 511.

5. CRIMINAL LAW.—*To secure review on appeal of court's ruling as to competency of juror, his examination must be brought into record by bill of exceptions.*—To secure a review on appeal of the action of the court as to the competency of a juror, his examination as a prospective juror must be brought into the record by a bill of exceptions, and it cannot be brought into the record by incorporating it in a motion for a new trial. p. 511.

6. CRIMINAL LAW.—*Ruling of court as to competency of juror not reviewed on appeal unless record shows challenge for statutory cause definitely stated.*—Where a juror was challenged for cause, the record must show that he was challenged for one of the statutory causes definitely stated in order to secure a review of the action of the court on appeal. p. 511.

7. INTOXICATING LIQUORS.—*Acts of 1923 concerning stills and distilling apparatus was constitutional and defined a public offense.*—Acts 1923 p. 107, making it unlawful to have possession of a still or distilling apparatus for the manufacture of intoxicating liquor was constitutional and defined a public offense. p. 512.

8. STATUTES.—*Title to act of 1923 (Acts 1923 p. 107) concerning stills and distilling apparatus was sufficient.*—The title to

the act of 1923 (Acts 1923 p. 107) relative to stills and distilling apparatus for the manufacture of intoxicating liquor was sufficient. p. 512.

From Montgomery Circuit Court; *Robert H. Williams*, Special Judge.

Charles W. Wallace was convicted of possessing a still and distilling apparatus for the manufacture of intoxicating liquor, and he appeals. *Affirmed*.

*E. Burleigh Davidson* and *Ira Clouser*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant and four others were charged by indictment with unlawfully and feloniously using, having in their possession and under their control a certain still and distilling apparatus for the manufacture of intoxicating liquor in violation of the laws of this state, on June 30, 1923, at Montgomery county. The indictment was predicated on ch. 33 of the acts of 1923, (Acts 1923 p. 107) approved March 1, 1923, entitled: "An Act concerning stills and distilling apparatus, and declaring an emergency." Appellant was tried separately by jury and convicted. From judgment of fine and imprisonment, he has appealed.

As one of the assignments of error, appellant claims that the court erred in overruling his motion to quash the indictment. He insists that said indictment does not state a public offense, and that the said statute under which the indictment was brought and under which he was prosecuted, is unconstitutional.

This court can take notice of its own records in another case, upon its own motion. *Denney, Clerk*, v. *State, ex rel.* (1896), 144 Ind. 503, 42 N. E. 929, 1, 2. 31 L. R. A. 726. An examination of *Shoemaker* v. *State* (1925), *ante* 433, 148 N. E. 403, 404, shows that the indictment now under consideration was

before this court in that case, and in speaking of the motion to quash, it was said: "The indictment was sufficient and no error was committed in overruling the motion to quash same." The objections made by appellant to the indictment and to the said act of 1923, *supra,* are discussed in the opinion in the Shoemaker case, and we adhere to that opinion. In the instant case, the motion to quash the indictment was properly overruled.

The second and third assignments of error are in regard to instructions and same cannot be considered as assignments of error, but should be presented in 3, 4. motion for new trial. No error is based on instructions in the motion for a new trial. Also, there is a failure in appellant's brief to support by argument or the citation of authorities, said alleged specifications of error. No question is presented on the instructions for our consideration.

In the motion for a new trial, appellant claims that the court erred in overruling and refusing his challenge of a juror therein named, and that the 5, 6. court erred in permitting said party to serve as a juror over the objection and challenge of the defendant. In the motion for a new trial, the examination on *voir dire* of said juror is set out, but this examination is not shown in the bill of exceptions and it is not shown therein that any objection or challenge was made to him. There is only a statement in the motion for a new trial that such a challenge was made. That is not sufficient to bring the question before this court. To secure a review on appeal of the action of the trial court as to the competency of a juror, the examination must be brought into the record by a bill of exceptions, and the examination cannot be brought into the record by incorporating it in a motion for a new trial. *Townsend* v. *State* (1897), 147 Ind. 624,

47 N. E. 19, 37 L. R. A. 294, 62 Am. St. 477; *Gianino* v. *State* (1915), 183 Ind. 199, 108 N. E. 579; 2 Watson, Revision of Works' Practice §1664. In *Shields* v. *State* (1897), 149 Ind. 395, 400, 49 N. E. 351, 353, this court said: "To present properly any question as to the qualifications of the juror to sit in said cause, some one or more of the statutory causes should have been stated to the court. This much was due the trial court and the adverse party, and is necessary to the proper administration of justice." Where a juror is challenged for cause, the record should be made to show definitely the cause of challenge and unless the challenge is definitely stated, the ruling of the court will not be reviewed on appeal. 1 Hogate, Pleading and Practice §640. The motion for a new trial was properly overruled.

No error was committed in overruling the motion in arrest of judgment. The act upon which the indictment was based is constitutional, a public offense 7, 8. is defined thereby, and the title to said act is sufficient. *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Shoemaker* v. *State, supra.*

The judgment is affirmed.