## Napier v. State of Indiana.

[No. 24,716. Filed October 16, 1925.]

1. **INTOXICATING LIQUORS.**—*Act of 1923 concerning stills and distilling apparatus was an independent act, and did not purport to amend any other.*—The act of 1923 (Acts 1923 p. 107) concerning stills and distilling apparatus was an independent act, and did not amend or purport to amend any other act. p. 578.

2. **INTOXICATING LIQUORS.**—*Title of act of 1923 concerning stills and distilling apparatus was sufficient.*—The title of the act of 1923 (Acts 1923 p. 107) concerning stills and distilling apparatus was sufficient. p. 578.

3. **INTOXICATING LIQUORS.**—*Indictment charging possession of still and distilling apparatus held sufficient.*—Indictment for having possession and control of a still and distilling apparatus *held* sufficient. p. 578.

4. CRIMINAL LAW.—*Action of court on challenge of juror not proper assignment of error on appeal.*—The action of the court on a challenge of a juror cannot be assigned as error on appeal, but such action can only be presented for review by assigning it as a ground for a new trial. p. 579.

5. CRIMINAL LAW.—*Action of court on challenge of juror not reviewable on appeal unless facts shown by bill of exceptions; they cannot be shown by recitals in motion for new trial.*—To present for review on appeal the action of the court on a challenge of a juror, the challenge and the grounds therefor must be shown by a bill of exceptions, and these facts cannot be shown by a recital thereof in the motion for a new trial. p. 579.

From Montgomery Circuit Court; *Harry M. Fine,* Special Judge.

William Napier was convicted of possessing a still for the manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*Friel & Murphy,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—This was a prosecution by indictment, brought in the Montgomery Circuit Court, against the appellant and four others, charging that appellant and the others, "on the 30th day of June, 1923, at said county and state aforesaid did then and there unlawfully and feloniously use, have in their possession, and have under their control a certain still and stilling apparatus, for the manufacture of intoxicating liquor in violation of the laws of the State of Indiana, * * *."

This appellant was tried separately by jury and a verdict of guilty returned. On this verdict, the court rendered judgment that he be fined in the sum of $450 and be imprisoned in the state prison for a period of not less than one year nor more than five years. From such judgment this appeal is taken.

The appellant claims that the court erred in overruling his motion to quash the indictment herein, and that the court erred in overruling his motion for a new trial, and that the court erred in overruling his motion in arrest of judgment.

The appellant moved to quash the indictment for the reason that it does not state a public offense and for the further reason that the title to the statute under which said indictment was brought is insufficient and that such statute is unconstitutional.

This prosecution is based upon the first section of ch. 33 of the acts of 1923, Acts 1923 p. 107. The title of the act is: "An Act concerning stills and distilling apparatus and declaring an emergency."

The appellant contends that the act of 1923, *supra,* is unconstitutional because it is predicated upon an unconstitutional statute, Acts 1921 p. 736. In this claim, the appellant is in error. The act of 1923, *supra,* is an independent act of itself and does not amend or purport to amend any other act. In the case of *Shoemaker* v. *State* (1925), *ante* 433, 148 N. E. 403, this court held that the act of 1923 is constitutional and in the case of *Cyrus* v. *State* (1924), 195 Ind. 346, 145 N. E. 497, this court held the act of 1921, Acts 1921 p. 736, to be constitutional.

In the case of *Shoemaker* v. *State, supra,* the court had under consideration the same indictment which is now before the court in the instant case and held that it was sufficient to withstand a motion to quash. It follows that the court did not err in overruling the motion to quash. We hold also that the indictment was good as against a motion in arrest of judgment.

Appellant claims and assigns as error that the court erred in overruling his challenge of Paul Hood, one of the jurymen sworn to try the said cause. This is not

a valid assignment of error. If the court erred 4. in overruling appellant's challenge of a juror, the error can only be presented under the motion for a new trial. In appellant's brief, he attempts to present this under the motion for a new trial.

If a juryman be disqualified to sit on the jury the facts showing his disqualification can be presented on appeal only by a bill of exceptions and cannot be 5. presented by a recital in a motion for a new trial. *Deal* v. *State* (1895), 140 Ind. 354. To present properly any question as to the disqualification of a juror to sit in a cause some one or more of the statutory causes should have been stated to the court and this should have been shown by a bill of exceptions. The appellant attempts to present the question by an affidavit presented with his motion for a new trial, but there is no bill of exceptions in the record showing that a challenge was ever made or what the grounds were, therefore this court cannot review the action of the lower court. The record must not only show the challenge but the specific grounds of the challenge. There is no bill of exceptions containing the evidence in this case.

Upon examination of the transcript it appears that there is no certificate of the clerk identifying the transcript. There being no reversible error shown in the record, the judgment is affirmed.