## LeJuste *v.* State of Indiana.

[No. 24,827. Filed February 25, 1926.]

1. INTOXICATING LIQUORS.—*Statute making it unlawful to possess a still for the manufacture of intoxicating liquor (Acts 1923 p. 107) was not invalid because of not prescribing place of imprisonment.*—The act of 1923 making it unlawful to possess a still for the manufacture of intoxicating liquor (Acts 1923 p. 107) was not invalid because it did not prescribe the place of imprisonment for those convicted of violating its provisions, as that was prescribed by other statutes. p. 329.

2. INTOXICATING LIQUORS.—*Title to act of 1923 (Acts 1923 p. 107) concerning stills and distilling apparatus was sufficient.*—The title to the act of 1923 (Acts 1923 p. 107) concerning stills and distilling apparatus was sufficient. p. 329.

3. INTOXICATING LIQUORS.—*Affidavit charging possession of still for the manufacture of intoxicating liquor in language of the statute was sufficient.*—An affidavit charging the offense of possessing a still for the manufacture of intoxicating liquor in violation of Acts 1923 p. 107 in the language of the statute was sufficient. p. 329.

4. CRIMINAL LAW.—*Motion in arrest of judgment properly overruled when affidavit charged offense in language of the statute.*—A motion in arrest of judgment on the ground that the facts stated in an affidavit did not constitute a public offense was properly overruled where the affidavit charged the offense in the language of the statute. p. 329.

5. SEARCHES AND SEIZURES.—*Affidavit for a search warrant must specifically describe the place to be searched so as to leave no discretion as to place to be searched.*—Under the provision of the Constitution, an affidavit for a search warrant

must specifically describe the place to be searched so as to leave no discretion to the officer as to what place is to be searched. p. 329.

6. SEARCHES AND SEIZURES.—*Affidavit for search warrant describing, premises to be searched as "the one and one-half story house on East Harris street in the town of Eaton, gray in color," held insufficient.*—An affidavit for a search warrant describing the house to be searched as "the one and one-half story house on East Harris street in the town of Eaton, gray in color" did not comply with the constitutional requirement that the premises to be searched must be specifically described where the evidence showed that there were several houses of that size and color on that street. p. 329.

7. CRIMINAL LAW.—*If a seizure is illegal because of an improper search warrant, evidence gained thereby is incompetent against the accused, and should be excluded.*—If a seizure of goods is illegal because of an improper search warrant, any evidence gained thereby is incompetent against the accused, and on a timely and proper objection, should be excluded. p. 329.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Eugene LeJuste was convicted of having possession of a still and distilling apparatus for the manufacture of intoxicating liquor, and he appeals. *Reversed.*

*Harry S. Reikey* and *Rollin W. Lennington,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Arnet B. Cronk* and *Carl J. Wilde,* for the State.

GEMMILL, J.—The appellant was charged by affidavit with unlawfully and feloniously having in his possession and under his control a still and distilling apparatus for the manufacture of intoxicating liquor. Said criminal offense for which he was prosecuted is defined in the Acts of 1923, ch. 33, §1. He was found guilty by a jury and the court pronounced judgment of imprisonment.

The first error assigned is that the court erred in overruling appellant's motion to quash the affidavit. The

grounds for the motion were that the facts stated 1-4. in the affidavit did not constitute a public offense, and that the affidavit did not state the offense charged with sufficient certainty. It is contended that the act upon which the affidavit was predicated is invalid because it fails to prescribe the place of imprisonment for those violating its provisions. The place of imprisonment was prescribed in other statutes, with which the law in question must be considered. There is no merit to this contention of appellant. The title to said act is sufficient. *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438. This law in regard to stills and distilling apparatus is constitutional. *Shoemaker* v. *State* (1925), 196 Ind. 433, 148 N. E. 403; *Wallace* v. *State* (1925), 196 Ind. 509, 149 N. E. 57; *Napier* v. *State* (1925), 196 Ind. 576, 149 N. E. 49. The offense is charged in the language of the statute, which is all that is required in that particular. The affidavit was sufficient and it was not error to overrule the motion to quash it. A motion in arrest of judgment for the reason that the facts stated in the affidavit did not constitute a public offense was properly overruled.

Error is claimed because the court overruled the motion for a new trial. Forty-nine reasons for same were given, the most of which were in regard to evidence 5-7. admitted by the court, over the objection of appellant, and excepted to by him. It appears that an affidavit was filed with a justice of the peace of Delaware county to secure a search warrant to search for property taken and stolen by robbers. Said affidavit was as follows: "State of Indiana, Delaware County, SS: Don Sipe swears that he believes and has good cause to believe that there is concealed in or about the premises being the one and one-half story house on East Harris street in the town of Eaton, gray in color, with basement and outhouses thereto belonging, certain liq-

uors, goods and merchandise, taken and stolen by robbers and that said goods are concealed in or about said described premises, situated in the town of Eaton, Delaware county, Indiana.  Don Sipe.

"Subscribed and sworn to before me this 25th day of March, 1924.

"Albert Palmer **J. P.**

"(SEAL) Justice of the Peace, Indiana."

The search warrant, which was issued, contained a copy of the affidavit, and ordered a search of the premises described therein.  By virtue of said search warrant, the residence of appellant on East Harris street in the town of Eaton was entered and searched by three officers.  The stolen goods mentioned were not found, but a still was discovered, for the possession of which appellant was prosecuted.  Appellant claims that the search warrant was void for the reason that the description of the place to be searched was indefinite and uncertain, and that the evidence obtained by the search was not competent.  In Art. 1, §11 of the state Constitution it is provided that, "no warrant shall issue but upon probable cause supported by oath or affirmation and particularly describing the place to be searched, and the person or thing to be seized."  And in §2086 Burns 1926, §1924 Burns 1914, it is said: "No warrant for search shall be issued until there is filed with the justice an affidavit, particularly describing the house or place to be searched."  Under the provisions of the Constitution, an affidavit for a search warrant must specifically describe the place to be searched so as to leave no discretion to the officer as to what place he is to search.  *Rose* v. *State* (1909), 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 228; *Flum* v. *State* (1923), 193 Ind. 585, 141 N. E. 353.  In Cornelius, Search and Seizure 317, it is stated: "The modern doctrine seems to be that the description in a search warrant is sufficient

which particularly points to a definitely ascertainable place so as to exclude all others. * * * The writ must not leave the place to be searched to the discretion of the officer." The state attempted to show by the justice of the peace that the residence of appellant was the only one and one-half story house, gray in color, on East Harris street in the town of Eaton, but did not succeed in making such proof. There was evidence that there were two, three or four houses on said street of the size and color of the house described in the affidavit and search warrant. The description of the place to be searched did not meet the legal requirements for same. If a seizure is illegal, because of an improper warrant, any evidence gained thereby is incompetent against the accused. *Flum* v. *State, supra.* In the instant case, we must decide that there was an unreasonable search and seizure, and the evidence to which appellant objected and excepted was not admissible.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial.