## MOWLAN *v.* STATE OF INDIANA.

[No. 24,916.   Filed April 20, 1926.]

1. INTOXICATING LIQUORS.—*Act of 1923 (Acts 1923 p. 107) concerning stills for the manufacture of intoxicating liquor was not unconstitutional for want of sufficient title.*—The act of 1923 (Acts 1923 p. 107) concerning stills for the manufacture of intoxicating liquor was not unconstitutional for want of a sufficient title.   p. 519.

2. INTOXICATING LIQUORS.—*Section 2 of Acts 1923 p. 107 concerning the issue of search warrants for stills and distilling apparatus was not unconstitutional because search warrants were not mentioned in the title.*—Section 2 of the act of 1923 (Acts 1923 p. 107) concerning the issue of search warrants for stills and distilling apparatus for the manufacture of intoxicating liquor was not unconstitutional because the title made no reference to search warrants.   p. 519.

3. INTOXICATING LIQUORS.—*Under the law of 1923 (Acts 1923 p. 107) concerning stills for the manufacture of intoxicating liquor, a search warrant for a still or distilling apparatus could be issued and directed to the sheriff of the county.*—As §25 of the prohibition law of 1917 (Acts 1917 p. 15, §8356y Burns' Supp. 1921) authorized the issue of search warrants for violations of that law to "any officer having power to serve criminal process," a search warrant could be issued and directed to the sheriff of the county to search for a still and distilling apparatus, as authorized by §2, Acts 1923 p. 107.   p. 519.

4. CRIMINAL LAW.—*"Criminal process" is process which issues to compel a person to answer for a crime or misdemeanor.*— "Criminal process" is process which issues to compel a person to answer for a crime or misdemeanor.   p. 519.

5. CRIMINAL LAW.—*Sheriff has power and authority to serve a search warrant directed to him.*—It being one of the duties of a sheriff to serve criminal process, he has the power and authority to serve a search warrant directed to him.   p. 519.

6. SEARCHES AND SEIZURES.—*Search warrant issued by justice of the peace not void because no record regarding it was made.*—A search warrant issued by a justice of the peace is not void because no record regarding it was made in the office of the justice.   p. 520.

7. SEARCHES AND SEIZURES.—*That a search warrant was taken away from the office of the justice that issued it would not invalidate the warrant or the search.*—While a search warrant issued by a justice of the peace should be kept on file by him, after its return by the officer to whom it was directed, the fact

that it was permitted to be taken from his office would not invalidate the warrant or the search made thereunder.  p. 520.

8. INTOXICATING LIQUORS.—*In a prosecution for the unlawful possession of a still, it is not necessary to show that it had been used for the manufacture of intoxicating liquor.*—In a prosecution for having possession of a still for the manufacture of intoxicating liquor, it is not necessary to show that the still had ever been used to manufacture intoxicating liquor, as the statute defining the offense makes the possession of any still not registered according to the provisions of the laws of the United States *prima facie* evidence that it was possessed for the purpose of the unlawful manufacture of intoxicating liquor.  p. 521.

9. INTOXICATING LIQUORS.—*In a prosecution for unlawful possession of a still, it is a question for the jury whether the unsupported testimony of defendant overcame prima facie evidence by state and inferences that could have been drawn from evidence.*—In a prosecution for having possession of a still for the manufacture of intoxicating liquor, it is for the jury to determine whether the unsupported testimony of the defendant has overcome the *prima facie* evidence by the state together with the inferences which the jury could have drawn from the evidence.  p. 521.

From Marshall Circuit Court; *John W. Kitch,* Special Judge.

Alfred W. Mowlan was convicted of possession of two stills for the manufacture of intoxicating liquor, and he appeals.  *Affirmed.*

*Wise & Wise,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, J.—This is an appeal from a conviction in a criminal prosecution.  In the lower court, it was charged by affidavit that on or about July 28, 1923, at and in the county of Marshall, the appellant did then and there unlawfully and feloniously have in his possession and under his control certain distilling apparatus, to wit: two stills, for the unlawful manufacture of intoxicating liquor in violation of the laws of this state.

The first error assigned by appellant is that the court erred in overruling his motion to quash the affidavit.

The crime charged is defined in ch. 33 of the 1, 2. Acts 1923 p. 107. The title to same is: "An act concerning stills and distilling apparatus, and declaring an emergency." Appellant claims that the act is unconstitutional and void for the reason that the title thereof is fatally defective as it fails to show that the act defines any criminal offense, and that §2 of the act is unconstitutional for the reason that the title makes no reference to part of the subject-matter thereof. These objections have been considered in former cases wherein it was held that the act is not unconstitutional for want of sufficient title. *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Shoemaker* v. *State* (1925), 196 Ind. 433, 148 N. E. 403; *Wallace* v. *State* (1925), 196 Ind. 509, 149 N. E. 57; *Napier* v. *State* (1925), 196 Ind. 576,.149 N. E. 49; *Gmeiner* v. *State* (1925), *ante* 43, 149 N. E. 728. The affidavit was sufficient and the ruling on the motion to quash it was not erroneous.

In the motion for a new trial, it was asserted: That the verdict of the jury was not sustained by sufficient evidence, that the verdict was contrary to law, that there was error in admitting in evidence the search warrant and the sheriff's return, and that the testimony of six named witnesses was incompetent because the search warrant was invalid.

The search warrant in this proceeding was issued by a justice of the peace, after an affidavit for a search warrant had been filed with him, to the sheriff 3-5. of Marshall county and directed him to search the premises of appellant for stills, devices and apparatus for the unlawful manufacture of intoxicating liquor. It is insisted that the search warrant was illegal and void because it was not made out to a constable

or a special constable. In §2 of said ch. 33 of the acts of 1923, the law in regard to search warrants is stated as follows: "Search warrants to search any place for still or distilling apparatus may be issued as now provided by law for searching for intoxicating liquor." And at the time said act became effective, and when the alleged offense was committed by appellant, §25 of the prohibition law of 1917 provided: "If any person shall make an affidavit before any mayor, justice of the peace, or judge of any court that such affiant has reason to believe and does believe that any person, firm or corporation has in his, its or their possession any intoxicating liquor which is being sold, bartered or given away as a beverage or kept for the purpose of being sold, bartered, used or given away in violation of the laws of this state, such justice of the peace, mayor, or judge shall issue his warrant to any officer having power to serve criminal processes," etc. Acts 1917, ch. 4, p. 15, §25, §8356y Burns' Supp. 1921. Criminal process has been defined as process which issues to compel a person to answer for a crime or misdemeanor. 1 Bouvier, Law Dictionary 732. A sheriff has the power and it is one of his duties to serve criminal processes. In *Darnell* v. *State* (1926), *ante* 363, 151 N. E. 4, this court said: "The authority conferred upon a justice of the peace by law, in 1852, to appoint a special constable, does not forbid him to issue a warrant to a sheriff, for service, under authority of a later statute." Appellant's contention that the search warrant was illegal because issued to the sheriff is without merit.

It is shown by the evidence and admitted in appellant's brief that the affidavit for a search warrant was filed in the office of the justice of the peace and a search warrant was issued thereon. The sheriff's return thereof was dated fourteen days after the issuance of same. The justice of the peace testified

that the affidavit for the search warrant and the search warrant were retained by him for about two months and then delivered to the prosecuting attorney. It was urged that the search warrant was illegal and void because no record regarding it was made in the office of the justice of the peace. This objection was not well taken as there is not any statute or other authority requiring a search warrant to be recorded. *State* v. *Fleming* (1916), 184 Ind. 364, 366, 111 N. E. 310. It was also insisted that the affidavit for the search warrant was not filed, as required, for the reason that the justice of the peace afterward permitted it to be taken from his office. Same should have been kept on file by him, but this irregularity did not make the search warrant and search thereunder invalid. It is not claimed by appellant that he was harmed by the removal of the affidavit from the office of the justice of the peace. The appellant upon the trial, could have required the production of the affidavit as evidence, or if same were lost or destroyed, he could, upon proper proof thereof, have shown its contents by parole evidence. The search warrant was not illegal for any of the reasons relied upon by appellant. The evidence of the state, to which appellant objected, was not incompetent, and the court did not err in admitting it.

It appears from the evidence that a search of appellant's residence, made pursuant to a search warrant, revealed that he had in his possession two stills and more than forty gallons of mash. Appellant claims that the verdict of the jury is not supported by sufficient evidence. It was not necessary for the state to show that the stills had ever been used to manufacture intoxicating liquor. In addition to the *prima facie* evidence that the possession of any still not registered according to the provisions of the laws of the United States was for the purpose of manufacturing

intoxicating liquor, there were inferences which the jury could have drawn from the evidence as to the purpose for which the stills were possessed. It was for the jury to determine whether unsupported evidence of the appellant on this question overcame the evidence of the state. The verdict was sustained by sufficient evidence and it is not shown that the verdict was contrary to law.

The judgment is affirmed.