## SMITH *v.* STATE OF INDIANA.

[No. 24,669.   Filed November 5, 1926.]

1. INTOXICATING LIQUORS.—The act of 1923 (Acts 1923 p. 107) making it a felony to have possession of a still for the manufacture of intoxicating liquor sufficiently defined the offense and §§2316, 2317 Burns 1926 fixed the place of imprisonment. p. 414.

2. INTOXICATING LIQUORS.—*Evidence held to warrant finding that defendant had possession of still.*—In a prosecution for having possession of a still for the purpose of manufacturing intoxicating liquor, evidence *held* to warrant a finding that exhibits introduced in evidence, when assembled, would constitute a still, complete except as to heating equipment. p. 416.

3. CRIMINAL LAW.—Appellate tribunal must disregard all evidence except that which tends to support the verdict. p. 416.

4. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for having possession of still for the manufacture of intoxicating liquor.   p. 416.

From Randolph Circuit Court; *Roscoe D. Wheat,* Special Judge.

Sherman Smith was convicted of possessing a still for the manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*Walterhouse & Miller* and *F. Clayton Mansfield,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, C. J.—Appellant was indicted, tried and convicted of unlawfully and feloniously having in his possession and under his control a still and distilling apparatus for the manufacture of intoxicating liquor in violation of law. §1, Acts 1923 p. 107. From a judgment fixing his punishment, he appealed to this court, wherein he has assigned as errors the overruling of his motion to quash the indictment, the overruling of his motion for a new trial, and the overruling of his motion in arrest of judgment.

The motion to quash for want of facts to state a public offense, and for want of certainty, and the motion in arrest for insufficient facts may be considered together. Appellant, in support of these motions, insists that §1, *supra,* does not sufficiently define the offense; that it does not specifically make the doing of the prohibited acts a felony, nor does it fix the place of punishment.

The possession, control or use of a still or distilling apparatus for the manufacture of intoxicating liquor in violation of law is forbidden and declared to

1. be a felony punishable by imprisonment for not less than one nor more than five years, to which a fine may be added. In this case, the jury found the appellant guilty as charged, and that he was forty-eight years of age. Thereafter, we may assume that the court, relying on §§275, 276, Acts 1905 pp. 584, 644, 645, §§2316, 2317 Burns 1926, pronounced judgment of imprisonment for an indeterminate period, limited as provided by law. §1, *supra.* When these three sections are read together, there is no real basis for the insistence that the legislature has not, with sufficient certainty, defined the offense of which appellant was charged, nor failed to fix the place and time of punishment. Moreover, since the briefs in this case were filed, this court has considered and decided practically

the same questions presented by the above motions adversely to appellant's contention. *LeJuste* v. *State* (1926), 197 Ind. 327, 150 N. E. 791; *Shoemaker* v. *State* (1925), 196 Ind. 433, 148 N. E. 403; *Wallace* v. *State* (1925), 196 Ind. 509, 149 N. E. 57.

The cause relied on for a new trial—verdict contrary to law—rests on the assertion of no evidence that the exhibits brought to the attention of the jury, if assembled, form the component parts of a still for the manufacture of intoxicating liquor within the meaning of the statute under which the instant indictment was drawn.

Looking to the evidence, we learn that on July 26, 1923, Lunda M. Fisher, sheriff of Randolph county, Ernest Dunn, prosecuting attorney for that county, and Edward Beeson, a state policeman working out of the auto license department of the secretary of state's office, after securing a search warrant, proceeded in an automobile from Winchester to the home of appellant near Modoc, Randolph county. They found no one at home. While making a search of the premises other than locked buildings, appellant, with his family, returned and the search was continued, Dunn and Beeson going into the home and the sheriff detaining appellant outside on the porch. In the house was found two 100-pound sacks of cereal, said to be a sugar and corn product which may be used in making whisky; two 100-pound sacks, one full and the other partly filled with sugar; the floor in one of the upstairs rooms indicated that barrels had been sitting there; in a downstairs room a couple of ten-gallon kegs which, from their smell, had contained whisky, but at that time only a few drops in each could be detected. In a small building some fifteen feet from the house, under sacks, old rags and carpet paper, was found a large galvanized tank, capacity about forty gallons, and on the inside

of which was a copper tube about thirty-five feet in length in the form of a coil, one end of which, near the bottom of the tank, extended outside three or four inches. There was also a small coil not definitely described. The sheriff, after testifying that he had seen and observed white mule stills at work, characterized the copper coil as part of a still, the tank as a cooler, and another one of the exhibits as a cooker for a still. On the outside of the building, and nearby, were ten or twelve barrels, some of them evidently used to catch rain water from a down-spout on the house. Others were empty and some appeared to have hard water in them, and from their appearance had contained mash.

The foregoing general reference to the testimony before the jury, and other bits of evidence disclosed by the record at bar, tended to prove that the assembling of the exhibits would produce a still complete except the manner of heating it. It is true, there was evidence on the part of appellant and his family, corroborated by several other witnesses, concerning the purpose for which the exhibits were used or might be used by him. This evidence was reasonable and consistent with his innocence of the charge preferred against him. However, this court must disregard all of the evidence except that which tends to support the verdict of the jury. *Straw* v. *State* (1925), 197 Ind. 606, 149 N. E. 430; *Michopoulos* v. *State* (1925), 197 Ind. 231, 149 N. E. 564.

With this limitation on our consideration of the evidence, we cannot say there was no evidence to support any essential fact necessary to sustain the verdict. Such being the case, the verdict was not, for want of evidence, contrary to law.

Judgment affirmed.