KLARES *v.* STATE OF INDIANA.

[No. 25,429. Filed June 26, 1929.]

*Henry H. Winkler*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Bernard A. Keltner*, Deputy Attorney-General, for the State.

MARTIN, J.—The appellant, John F. Klares (alias Klarish, alias Claris), was convicted of possessing and using a still for the purpose of manufacturing intoxicating liquor in violation of Acts 1925, ch. 48, §6, §2719 Burns 1926. The error relied upon for reversal is the overruling of his motion for a new trial, the material allegations of which are: (1) That the court erred in overruling his motion to quash the affidavit for search

warrant, search warrant and return thereon, and to suppress the evidence obtained thereby; (2) in admitting certain evidence obtained by the search; (3) and that the finding is not sustained by sufficient evidence.

The judgment must be reversed and the cause remanded for a new trial because there is not sufficient evidence to support the finding of guilty. The prosecuting attorney neglected to prove the venue, and he also failed to prove that the still found in the appellant's possession was a "still or distilling apparatus for the unlawful manufacture of intoxicating liquor." A copy of the search warrant, filed as an exhibit to appellant's motion to quash the writ and suppress the evidence, has indorsed on its back, a return by the sheriff showing: "property seized: one 75-gal. copper cooker, . . . 30 gal. Mule whisky, 7 bbls. mash 420 gal. . . . 1 set copper coils and all supplies," but the State did not introduce in evidence the search warrant, the return to the same or any of the articles seized, and did not prove by the arresting officers that a still or anything else was found on the premises, and the only evidence concerning a still is that of a bystander who testified that he saw a still being taken out of the premises by the officers. The failure of the State to introduce evidence which it undoubtedly possessed leaves the record without evidence from which it can be found or lawfully inferred that a still was possessed or used for the purpose of manufacturing intoxicating liquor.

The record does not properly present any alleged error concerning the validity of the search warrant and the admissibility of evidence obtained thereunder, because neither the affidavit for the search warrant, the search warrant nor the return thereon was introduced in evidence, and no objection was made to any evidence obtained by means of the search, *Larson* v. *State* (1929), 89 Ind. App. 515, 165 N. E. 782;

*Scott* v. *State* (1929), 89 Ind. App. 124, 165 N. E. 916, but since a question concerning the description of the property in the search warrant, sought to be raised by appellant, may arise upon the retrial of the case, the same will be considered.

The description of the premises in the affidavit for the search warrant is as follows: "227 9th Avenue, Lot 133 Lafayette Heights revised, in the City of Indianapolis, of said county (Marion) and state (Indiana)." The description in the search warrant is the same as in the affidavit, except for the words "city of Indianapolis," which are eliminated from the warrant. The appellant contends that the description in the affidavit is indefinite and uncertain in that there is no such described property *in* the city of Indianapolis (on the theory that the property is not within the official limits of that city); and that the description in the search warrant is indefinite and uncertain because there is another Ninth Avenue in Marion County, viz., in the town of Beech Grove. Neither of these contentions can prevail. The number of the lot and the name of the subdivision effectively prevent any uncertainty in the search warrant which might otherwise arise from the fact that there are two "Ninth Avenues" in Marion County, and whether such property was within or without the boundary line of the city's limits can make no difference. The issuing magistrate, a judge of the municipal court of Marion County, has jurisdiction throughout the county, and the description in both the affidavit and the search warrant giving the number and name of the street, together with the lot number and the name of the subdivision, completely meets the requirements of a valid description that "it points to a definitely ascertainable place, so as to exclude all others." *Seager* v. *State* (1928), 200 Ind. 579, 164 N. E. 274. The description of the property in the writ was sufficient to

have conveyed the title thereto if contained in a deed, and there was no material variance between the description in the affidavit and the description in the search warrant, which operated to the appellant's prejudice. He cannot and does not claim that because the affidavit describes Lafayette Heights as being an addition *in* the city of Indianapolis instead of *to* the city of Indianapolis that he was in any way misled.

It appears from the record that there may have been reasonable and probable cause for the sheriff and his deputy to believe that a felony (the unlawful operation of a still) was being committed in their presence and within the scope of their senses of smell and hearing, and to make the search that was made in this case without a search warrant. Three witnesses, who were neighbors of the appellant, testified that prior to the search and arrest they smelled the odor of cooking mash coming from his premises. One of these neighbors testified that she smelled this odor when she was visiting in appellant's house. The sheriff testified that he "smelled the odor of mash cooking" in appellant's house when passing along the street two days before the arrest, and a deputy sheriff testified that on the day of the arrest and before entering the premises, "I smelled the mash and could hear the stew running over." The trial court erroneously sustained objections to questions by the State designed to show that the neighbors had given this information to the officers and that the search was made by the officers in pursuance of information gained from this source and from their senses of smell and hearing, rather than by virtue of the search warrant.

Judgment reversed, with directions to grant appellant's motion for a new trial.