## FRENCH *v.* STATE OF INDIANA.

[No. 13,779.   Filed December 20, 1929.   Rehearing denied February 26, 1930.]

G. *Andrew Golden,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

NEAL, P. J.—This was a criminal prosecution instituted by the State of Indiana against the appellant charging him with the unlawful possession of intoxicating liquor. Motions to quash the search warrant, affidavit and return, and to set aside service thereof, were filed by appellant, and, after hearing, were overruled by the court, after which a trial was had before the court without a jury, which resulted in the conviction of appellant, who was fined in the sum of $250, and costs, and sentenced to imprisonment at the Indiana State Farm for 90 days.

Appellant assigns as error the overruling of his motion for a new trial. The several causes contained therein are: (1) The overruling of the separate and several motions of appellant to quash the affidavit for a search warrant, search warrant and return thereon and to suppress evidence; (2) error of law in the admission of evidence, and also in the rejection of the same.

The only question presented for our consideration by the motion to suppress is the sufficiency of the description in the search warrant. The description reads:

"A one story frame dwelling house occupied by Claude French, together with all out buildings and appurtenances thereunto belonging, situated on Lot 7, in Block 9, in Mount Brothers unrecorded plat of Lemont, in the southwest quarter of §18, township 17, Range 13 east, being the second house north of 20th street on the east side of Central Ave., in the township of Connersville, in said County and State." The State of Indiana admitted that the "premises described in said affidavit for search warrant, and the search warrant, in this case, are located and situated in Harrison township, Fayette County, Indiana, and not in Connersville township, Fayette County, Indiana, and that said premises in said search warrant described are in this respect erroneously described and the center line of 20th street mentioned in said affidavit and search warrant is the dividing line between said Connersville township and said Harrison township in Fayette County, State of Indiana, and that the center line of 20th street forms the north line of Connersville township, Fayette County, Indiana." No evidence was introduced by appellant in support of his motion. Appellant stands upon the admission by the State.

It is the law that, under the provision of our Constitution, an affidavit for a search warrant must specifically describe the place to be searched so as to leave nothing to the discretion of the officers as to what place they are to search. *LeJuste* v. *State* (1926), 197 Ind. 327, 150 N. E. 791.

Appellant contends that, as the wrong political township was named, the warrant is defective. The description by quarter section, congressional township and range, to which is added "A one story frame dwelling house occupied by Claude French, being the second house north of 20th street on the east side of Central Avenue" is so definite that it "points to a

definitely ascertainable place as to exclude all others."
No discretion was left to the officers. The description
did not permit the search of two places. The record does
not present a situation similar to the facts in the case of
*Muleff* v. *State* (1927), 198 Ind. 686, 154 N. E. 670.
No one would contend that, if the description as given
by the affidavit and search warrant were contained in a
deed, it would be ineffectual to convey title. In support
of our conclusion, we call attention to the following cases:
*Klares* v. *State* (1929), 201 Ind. 219, 167 N. E. 135;
*Seager* v. *State* (1928), 200 Ind. 579, 164 N. E. 274; *Rose*
v. *State* (1909), 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas.
228.

Appellant contends the evidence obtained by virtue of
the search warrant should have been suppressed for the
reason that the affidavit was filed with the judge
of the Fayette Circuit Court on Saturday, Febru-
ary 2, 1929, and remained in his official custody
until it was taken by him to the clerk's office the next
Monday morning. The evidence is that the affidavit
was not marked "filed" by the Clerk of the Fayette Cir-
cuit Court on February 2, 1929, but by the judge of the
Fayette Circuit Court in the clerk's office; that by the
rules adopted by the Fayette Circuit Court on January
7, 1929, all original papers filed in said court are kept by
the judge in his office in the court house. The affidavit
was by the judge returned to the clerk the next Monday
morning, February 4, 1929. On the last-named date,
the clerk of the court made an entry as of February 2,
1929, of the filing and the issuance of the same. There
is no merit in the position taken by appellant. See
*Callender* v. *State* (1922), 193 Ind. 91, 138 N. E. 817;
*Morgan* v. *State* (1923), 194 Ind. 39, 141 N. E. 790;
*Mowlan* v. *State* (1926), 197 Ind. 517, 151 N. E. 416.

Appellant attempts to predicate error on the ruling of
the trial court in permitting the prosecuting attorney to

testify as to an anaylsis made by him of the so-called "home brew" which was seized by the officers at the time of the search of appellant's home. The objection was on the ground that Hanby, the prosecuting attorney, was not an expert or a qualified chemist.

The evidence as to his qualifications and the manner in which he made the test may be summarized as follows: That the witness was acquainted with the manner of making tests of liquids; that such tests are commonly made in high school and college laboratories; that he had instruction "in similar operations in laboratories in his previous education"; that he was qualified to testify as an expert on the boiling points of liquids; that he made the test under the supervision and direction of the deputy prohibition administrator for the Southern District of Indiana at Indianapolis in a government laboratory; that he had had previous instruction in laboratories on the same principle involved in making the bulliometer test; that "the test was made by obtaining the boiling points of water and then of the 'home brew,' poured from the bottle and being a part of 'exhibit B,' and that the difference of the boiling point of the two liquids, when compared to a chart, called 'Juerst's Chart' and used with this instrument, indicated the per cent of alcohol in the 'home brew'"; that the "home brew" analyzed 3.02 per cent alcohol by volume; that alcohol boils lower in the test than water, and, in this case, the "home brew" boiled at 6.7 per cent and water at 9.5 per cent; that the witness made his own calculations and the same were verified by the assistant deputy prohibition administrator; that the test was correct because of the fact that the bulliometer itself contained a printed sheet of instructions which were followed.

Assuming that the objection was stated so as to present the question involved, we are of the opinion that

the court did not err in permitting the witness to testify. In the case of *Jenney Electric Co.* v. *Branham* (1895), 145 Ind. 314, 41 N. E. 448, 33 L. R. A. 395, the court said: "However, it may be said that it is now settled in this State that the question as to the qualification of a witness to testify as an expert is for the trial court, in the exercise of a sound discretion, and that, when there is some evidence of that qualification, and the trial court did not abuse that discretion, this court will not review the action."

We have been rather liberal in assuming that appellant has properly presented by his brief his objection to the admissibility of the evidence just discussed. Appellant has not pointed out in his "Points and Authorities" the place in the record where the exception to the admission of the evidence may be found, and, under the authority of *Dailey* v. *State* (1924), 194 Ind. 683, 144 N. E. 523, any question in regard to the same is not presented.

Appellant attempts to present error of the trial court in refusing to admit certain testimony. An examination of the record discloses that the trial court sustained in each instance an objection to the question propounded, and then follows the offer of appellant to prove. The offer was too late. *Rinkenberger* v. *Meyer* (1900), 155 Ind. 152, 56 N. E. 913. See *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664, 12 Am. St. 409, and authorities cited.

The other specifications mentioned in his motion for new trial are either not proper causes or are waived because appellant has failed to mention them under "Points and Authorities," in his brief. *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Land* v. *State* (1926), 198 Ind. 342, 151 N. E. 823.

Judgment affirmed.